UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON ALLEN MELSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> FORTE CONSTRUCTION SERVICES LLC, <br><br> Defendant. | Case No. 1:20-cv-00294-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Jason Allen Melson Sr.'s Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, the Court must review Melson's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, the Court must also undertake an initial review of Melson's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court GRANTS Melson's application to proceed in forma pauperis and will allow him to pay the filing fee over time. Further, the Court finds Melson's Complaint legally sufficient to survive initial review.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or

defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks and citation omitted).

The Court has examined Melson's application to proceed in forma pauperis finds that Melson has not conclusively established his indigency. Melson lists his monthly income as $3,551.00 and his monthly expenses as $5,802.90. Dkt. 1, at 2–3, 5–6. Melson also indicates he has few assets, minor debt obligations (Dkt. 1, at 4–5), and that he cares for his five-year-old son as a single father without receiving any child support payments (Dkt. 2-2, at 1). Melson's monthly expenses subtracted from his monthly income would indicate that he lives in a deficit of $2,251.90 per month. While that is a cause for concern, Melson does not explain how the deficit is paid each month. Given Melson's steady income from his construction job and food stamps, the Court finds Melson's application for in forma pauperis status is insufficient to establish his indigence. That said, the Court will allow Melson to pay this fee over time to reduce any financial burden. Melson must pay the fee in $50 monthly installments.

MEMORANDUM DECISION AND ORDER - 2

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a court of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of all civil action arising under the Constitution, laws, or treaties of the United States." *Id*. Additionally, the Court will have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

Here, Melson accuses Forte Construction Services LLC ("FCS"), his former employer, of violating his civil rights. Dkt. 2-1, at 3. As part of his Complaint, Melson included his Idaho Human Rights Commission ("IHRC") Dismissal and Notice of Suit Rights. Dkt. 2-5. In those submissions, Melson states he was discriminated against because of his sex. Dkt. 2. Melson contends FCS discriminated against him multiple times from approximately January 20, 2020 to June 11, 2020. Dkt. 2-1, at 4.

At face value, Melson's pro se complaint contains issues all arising from violations of the Civil Rights Act of 1964, Title 42, Chapter 21, Subchapter VI—a federal statute—which provides this Court with jurisdiction under § 1331. Melson accuses FCS of discriminatory conduct—specifically that he was subject to retaliation, harassment, and a hostile work environment because of his parental responsibilities and because he is "a Male Construction worker and single father of a young child[.]" Dkt. 2-2, at 2.

The Civil Rights Act of 1964 states, in relevant part, that "It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).

To establish a prima facie case of retaliation, a plaintiff must show "(1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Tatum v. Davita Healthcare Partners, Inc.*, 790 Fed. Appx. 58, 60 (9th Cir. 2019) (citing *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Additionally, to establish a prima facie hostile-work-environment claim, a plaintiff must show (1) the

MEMORANDUM DECISION AND ORDER - 4

defendants subjected him to verbal or physical abuse based on his sex; (2) the conduct was unwelcome; and (3) the conduct was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Fuller v. Idaho Dep't of Corrs.*, 865 F.3d 1154, 1161 (9th Cir. 2017) (citing *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995).

In this case, Melson states that he was subjected to retaliation when he was fired after he missed work for his son's medical needs, requested that his union representative be present before signing a "no call no show" warning written by his supervisor, and reported the warning to the superintendent. Dkt. 2-2, at 2. Melson claims he was treated differently than other employees of FCS who "where [sic] allowed to take time off work for medical, dental, and recreational reasons." Dkt. 2-2, at 1. Additionally, Melson states the documents FCS sent to the IHRC and to the Idaho Department of Labor "where [sic] clearly not the same and where [sic] retaliatory in nature." Dkt. 2-2, at 2. Melson states he was subjected to a hostile work environment when asked "why can't your mother take [your son] to his appointments" and being told on several occasions to not speak with union representatives about the issues he was having at work due to his parental responsibilities. Dkt. 2-2, at 2.

Because of the plausibility of Melson's allegations and his status as a pro se litigant, the Court finds Melson's Complaint sufficient to survive initial review.

## IV. CONCLUSION

Melson's application to proceed in forma pauperis does not establish his indigency; however, the Court will allow Melson to pay the filing fee over time. Melson must pay $50

MEMORANDUM DECISION AND ORDER - 5

a month towards the filing fee. Additionally, Melson's Complaint is legally sufficient at this stage and this case may proceed.

## V. ORDER

1. Melson's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED as stated herein. Melson need not prepay the fee in full; however, he must pay $50.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule may result in dismissal of this case without further notice. The first payment is due on or before the last day of August 2020. The Court will allow Melson to file and serve the Complaint before this payment is received.

2. After an initial review of the Complaint, the Court will allow Melson to proceed with his claims against Defendant.

3. Melson may proceed with service of the Summons of his Complaint in accordance with applicable procedures.[1]

DATED: August 6, 2020

David C. Nye
Chief U.S. District Court Judge

---

[1] The Court advises Melson that he is subject to the same rules of procedure as parties represented by counsel. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). Melson may obtain additional information about how to proceed as a self-represented party, as well as copies of the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules, on the Court's website: http://www.id.uscourts.gov/district/forms_fees_rules/Civil_Rules.cfm.

MEMORANDUM DECISION AND ORDER - 6